# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                          Case No. 16-16837-RAM
                                                                Chapter 13
PAMELA ALLEN-GREEN,
SSN: xxx-xx-2048

                             Debtor.
_____/

**ELIAS GROSS AS TRUSTEE UNDER A FLORIDA LAND TRUST AGREEMENT DATED 11/03/08'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ADDITIONAL PROSPECTIVE IN REM RELIEF AGAINST REAL PROPERTY AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING**

*[Movant Requests Clerk Not Dismiss Case Notwithstanding Debtor's
Failure To Cure Filing Deficiencies Until Time Of Hearing on Motion]*

ELIAS GROSS AS TRUSTEE UNDER A FLORIDA LAND TRUST AGREEMENT DATED 11/03/08 ("**Gross**"), his successors and/or assigns, a perfected consensual secured creditor, pursuant to 11 U.S.C. § 362(d)(1 and 4), moves the Court for an order granting relief from automatic stay and for additional prospective in rem relief against real property, and would show:

## I. – GROSS' INTEREST IN THE PROPERTY:

1. On May 18, 2005, Hilda Barbara Allen ("Allen"), now deceased, executed and delivered a note and mortgage in the principal sum of $165,000 with 12% fixed rate interest maturing in May 2015 (collectively, the "First Mortgage Loan") (Composite Exhibit "A"), securing payment thereof to Scott E. Mittleman and Sherry Mittleman (collectively, "Mittleman") and securing the following described property (the "Property") situate and lying in Miami-Dade County, Florida:

> LOT 15 AND 16, BLOCK 3, SHORECREST, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 10, PAGE 23, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

A/k/a 8211-8217 Biscayne Blvd., Miami, Florida 33138.

2. Mittleman assigned his interest in the First Mortgage Loan and it is now held by Gross (Exhibit "B").

3. On June 13, 2005, Allen executed and delivered a note and mortgage in the principal sum of $110,640 with 15% fixed interest maturing in June 2006 (collectively, the "Second Mortgage Loan") (Composite Exhibit "C"), securing the Property and payment thereof to Don Bailey Carpets, Inc., Profit Share Plan, William D. Bailey, Jr., Trustee ("Bailey").

4. Bailey assigned his interest in the Second Mortgage Loan and it was held by Jaime Gross[1] As Trustee Under A Florida Land Trust Agreement Dated 10/24/08 (Exhibit "D").

5. The Second Mortgage Loan was satisfied on June 12, 2013 (Exhibit "E").

## II. – DEBTOR'S PRE-PETITION TRANSFERS OF THE PROPERTY:

6. On January 21, 1985, a certain David P.B. McLean and Agnes McLean transferred the Property to Hilda Barbara Allen (Allen"), now deceased, and the Debtor (Exhibit "F").

7. On November 4, 1994, Allen and the Debtor transferred the Property to Allen (Exhibit "G").

8. On March 7, 2008, Allen transferred the Property to Allen and the Debtor with right of survivorship (Exhibit "H").

9. Allen died in June 2008 and her estate is being probated in Miami-Dade County Circuit Court with the Debtor being appointed as the decedent's personal representative (Exhibit "I").

10. On February 21, 2013, the Debtor transferred the Property to Jennifer A. Fowler aka Jennifer Duhaney ("Fowler") (Exhibit "J"). However, that transfer was deemed void by this Court (Exhibit "K", Paragraph 4).

11. On January 22, 2014[2], Fowler transferred the Property back to the Debtor (Exhibit "L").

12. On January 24, 2014, the Debtor transferred the Property to the Barbaras Family Trust ("Barbaras Trust") as recorded on January 30, 2014 (Exhibit "M").

13. Also, notwithstanding the transfer to the Barbaras Trust, on January 24, 2014, the Debtor transferred the Property to Jamilah C. Ramos, Trustee ("Ramos as Trustee") and again to the Barbaras Trust as recorded on March 19, 2014 (Exhibit "N").

---

[1] Jaime Gross is the Movant's brother.

[2] While the first paragraph of the deed is dated January 22, 2013, the notary's acknowledgment is dated January 22, 2014.

### III. – DEBTOR'S AND FOWLER'S PRIOR BANKRUPTCY CASE FILINGS:

14.  The Debtor and Fowler have filed six bankruptcy cases in the last six years in this Court as follows:

| Filer | Chapter | Case No. | Filing Date | Dismissal Date |
|---|---|---|---|---|
| Debtor | 13 | 10-32592-JKO | 08/02/10 | 10/18/10 |
| Fowler | 7 | 11-35084-JKO | 09/08/11 | 09/28/11 |
| Debtor | 13 | 11-38848-RAM | 10/18/11 | 02/02/12 |
| Debtor | 11 | 12-35198-AJC | 10/22/12 | 03/15/13 |
| Fowler | 13 | 13-14042-AJC | 02/22/13 | 03/14/13 |
| Debtor | 13 | 16-16837-RAM | 05/11/16 | Pending |

15.  No plans were confirmed and no payments were ever made by the Debtor or Fowler in the four prior reorganization cases.

16.  The Court in Case No. 12-35198-AJC held that the Debtor filed the case in bad faith, granted additional prospective in rem relief against the Property and dismissed it with prejudice for two years pursuant to § 362(d)(4) (Exhibit"O").

17.  The Court in Case No. 13-14042-AJC held that Fowler filed the case in bad faith, granted additional prospective in rem relief against the Property and dismissed it with prejudice for two years pursuant to § 362(d)(4) (Exhibit "K").

18.  In this present case, Debtor failed to list any of her prior bankruptcy case filings on Line Item 9 of her Petition even though she filed three prior cases within the last 6 years.

### IV. – GROSS' STATE COURT FORECLOSURE PROCEEDING:

19.  Allen defaulted under the terms of the remaining First Mortgage Loan by failing to make the payment due on May 24, 2008, and all subsequent payments (Exhibit "P").

20.  The mortgage matured on May 24, 2015.

21.  Gross commenced foreclosure of the Property in state court on May 16, 2013, right after dismissal of the fifth bankruptcy case filing for bad faith and its motion for summary judgment was pending at the time this sixth case was commenced (Exhibits "Q" and "R").

22.  There is now due and owing principal in the amount of $163,032.39 plus interest

at the default rate of 18% APR in the amount of $234,203.74, all totaling $397,236.13[3].

23.  The Miami-Dade Tax Collector is owed delinquent taxes on the Property for 2013 in the sum of $4,761 and 2015 in the sum of $4,708.39 (Exhibit "S").

24.  Thus, the liens on the Property total $406,705.52.

25.  The Property is zoned as a commercial building and is valued at $207,603 by the Miami-Dade Public Property Appraiser for 2015 (Exhibit "T").

26.  Upon information and belief, there is no insurance covering the Property.

## V. – <u>REQUEST FOR RELIEF</u>:

27.  Gross has shown this Court ample cause to lift the automatic stay in this case and for an order granting enhanced relief against the Property because:

a.  Section 362 of the Bankruptcy Code is titled "Automatic Stay" and provides, in relevant part, as follows:

> (d) On request of a party in interest and after notice and hearing, **the court shall grant relief from the stay** provided by subsection (a) of this section such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest [and] (4) with respect to the stay of an act against real property under subsection (a)**, by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved – (B) multiple bankruptcy filings affecting such real property** ... If recorded in compliance with applicable state laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a Green in a subsequent case may move from relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing (emphasis added).

b.  The Debtor has no title interest in the Property as it is presently owned by Ramos as Trustee and/or the Barbaras Trust.

c.  There is no equity in the Property and, upon information and belief, no insurance covering Gross' collateral interest.

d.  Gross' interest in the Property is not being adequately protected since the

---

[3]($163,032.39 x 18%) ÷ 365 = $80.3995 per diem; 05/25/2008 through 05/15/2016 = 2913 days; 2913 days x $80.3995 = $234,203.74; $163,032.39 [principal] + $234,203.74 [interest] = $397,236.13 total due as of 05/15/2016.

debt thereon is rising faster than its value in the current real estate market.

e.  The Debtor or Fowler have entered the bankruptcy arena six times since 2010 with each case filing strategically timed to either prevent foreclosure sale of the Property or hinder Gross' attempt to have a foreclosure judgment entered.

f.  Two of the predecessor bankruptcy cases have been dismissed for bad faith by this Court with additional prospective in rem relief granted against the Property in both of those cases.

**WHEREFORE**, Gross having shown this Honorable Court ample cause, respectfully requests that it grant the following relief  in this case:

A.  Enter an order granting him relief from the automatic stay under § 362(d)(1);

B.  Enter an order granting him additional prospective in rem relief against the Property under § 362(d)(4) such that any further filing for bankruptcy relief by this Debtor, the Barbaras Trust or Ramos as Trustee or any person or entity claiming or otherwise taking an interest in the Property by, through or under the Debtor, the Barbaras Trust or Ramos as Trustee shall not constitute nor act as a stay against the Property under §§ 362(a) or 1301(a), and shall not enjoin Gross from continuing or concluding his foreclosure remedies against the Property in state court for a minimum period of not less than two years from the date thereof;

C.  Enter an order providing that the state court shall not stay proceedings against the Property by Gross for a minimum period of not less than two years from the date thereof due solely to the filing of a petition for bankruptcy relief by the Debtor, the Barbaras Trust or Ramos as Trustee or any person or entity claiming or otherwise taking an interest in the Property by, through or under either the Debtor the Barbaras Trust or Ramos as Trustee;

D.  Enter an order waiving the provisions of the 14 day stay imposed under Fed. R. Bankr. P. 4001(a)(3), and

E.  Enter an order providing him with such other and further relief as the Court deems just and equitable.

<u>Certificate of Admission</u>

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

/s/ *Peter Spindel*
PETER SPINDEL
Florida Bar No. 816183
Attorney for Elias Gross as Trustee
Peter Spindel, Esq., PA
P.O. Box 166245
Miami, Florida 33116-6245
Telephone: (305) 279-2126
Facsimile:   (305) 279-2127
email: peterspindel@gmail.com

### CERTIFICATE OF SERVICE OF MOTION AND NOTICE OF HEARING

I CERTIFY that a true copy of the foregoing motion and court generated notice of hearing were served on all CM/ECF registered users via Notice of Electronic Filing and by regular first class USPS mail, postage fully prepaid, on all other interested parties as indicated on the attached service list on May 15, 2016.

/s/ *Peter Spindel*
PETER SPINDEL, ESQ.

*Via NEF-*
16-16837-RAM Notice will be electronically mailed to:

Nancy K. Neidich
e2c8f01@ch13herkert.com, ecf2@ch13herkert.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Peter D Spindel on behalf of Creditor Elias Gross, As Trustee Under A Florida Land Trust Agreement Dated 11/03/08
peterspindel@gmail.com, peterspindelcmecf@gmail.com

David J. Tybor, Esq. on behalf of Debtor Pamela Allen-Green
court@gtlawyers.com,
gabriel@gtlawyers.com;david@gtlawyers.com,paralegal@gtlawyers.com;dave.tybor@gmail.com

*By USPS mail:*

Pamela Allen-Green
8211-8217 Biscayne Blvd.
Miami, FL 33138

Barbaras Family Trust
1815 NW 60 Ave.
Sunrise, FL 33313

Jamilah C. Ramos, Trustee
8287 E. Dixie Hwy.
Miami, FL 33138-4144

John Doe/Jane Doe
Tenant(s)-in-Possession
8211-8217 Biscayne Blvd.
Miami, FL 33138

Miami-Dade Tax Collector
c/o Miami-Dade Bankr Unit
200 NW 2nd Ave. #430
Miami, FL 33128-1735

Charles Veres, Esq.
Attorney for Pamela Allen-Green as
Petitioner for Decedent's Estate of Hilda B.
Allen
9055 SW 87 Ave. #306
Miami, FL 33176-2306

3218.1601
\grossE1.mot